JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
HILLARY A. HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Ste. 200N
Los Angeles, California 90067
Telephone: (213) 687-5000

MEREDITH C. SLAWE (*pro hac vice*)
meredith.slawe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

Attorneys for Defendants
Cinmar, LLC and Frontgate Marketing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

MELANIE GREBEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CINMAR, LLC and FRONTGATE MARKETING, INC.,

Defendants.

CASE NO.: 2:24-cv-10140-MRA-BFM

**DEFENDANTS CINMAR, LLC AND FRONTGATE MARKETING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**<u>FILED UNDER SEPARATE COVER</u>:**

**(1) DECLARATIONS OF HILLARY HAMILTON AND LORECE HOFFMAN IN SUPPORT;**

**(2) REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE; and**

**(3) [PROPOSED] ORDERS.**

Judge: Hon. Mónica Ramírez Almadani
Courtroom: 10B
Date: March 31, 2025
Time: 1:30 p.m.

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, March 31, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard at the above-entitled Court, located at First Street United States Courthouse, 350 West 1st Street, Courtroom 10B, Los Angeles, California 90012, Defendants Cinmar, LLC and Frontgate Marketing, Inc. (collectively, "Defendants") will, and hereby do, present for hearing by the Court, the Honorable Mónica Ramírez Almadani, presiding, this Motion to Dismiss Class Action Complaint filed by Plaintiff Melanie Greben ("Motion").

This Motion is made pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(6). Plaintiff's claims should be dismissed because (1) the economic loss doctrine bars Plaintiff's statutory and common law misrepresentation claims; (2) Plaintiff's claims are all fraud-based but are not pled with sufficient particularity to satisfy Rule 9(b); (3) Plaintiff does not plead facts giving rise to claims for breach of contract or express warranty; (4) Plaintiff's breach of contract claim and failure to allege fraud preclude her "quasi-contract/unjust enrichment" claim; and (5) Plaintiff's fungible allegations fail to satisfy Rule 8's plausibility standard. The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, Declaration of Hillary Hamilton, Declaration of Lorece Hoffman, the [Proposed] Order, any oral argument heard by the Court, and such other matters as the Court may consider.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3, which took place on January 13, 2025.

DATED: January 20, 2025 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/Jason D. Russell*
Jason D. Russell
*Attorneys for Defendants*
Cinmar, LLC and Frontgate Marketing, Inc.

## TABLE OF CONTENTS


PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 3

ARGUMENT ........ 5

I. THE ECONOMIC LOSS DOCTRINE BARS PLAINTIFF'S STATUTORY AND MISREPRESENTATION CLAIMS ........ 5

II. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO INFER FRAUD OR DECEPTION ........ 7

A. Plaintiff Does Not Adequately Allege Reliance ........ 7

B. Plaintiff Fails To Plead Facts Supporting Her Claim That All Defendants' Prices Are False ........ 9

III. PLAINTIFF'S BREACH OF CONTRACT AND EXPRESS WARRANTY CLAIMS FAIL ........ 11

A. Plaintiff's Conclusory Allegations Do Not Satisfy Rule 9(b) ........ 11

B. Plaintiff Does Not Allege Facts Giving Rise To Breach Of Contract ........ 11

C. Plaintiff Does Not Allege Any Express Warranty ........ 13

IV. PLAINTIFF'S "QUASI-CONTRACT/UNJUST ENRICHMENT" CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF SEEKS RELIEF BASED ON A VALID CONTRACT AND FAILS TO PLEAD FRAUD ........ 14

V. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE HER ALLEGATIONS ARE TOO VAGUE TO SATISFY RULE 8 ........ 15

CONCLUSION ........ 19

CERTIFICATE OF COMPLIANCE ........ 20

# TABLE OF AUTHORITIES

Page(s)

## CASES


*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ... 16

*Barber v. DSW Inc.*, No. SACV 15-2024-JGB (SPx), 2016 WL 11954427 (C.D. Cal. Apr. 4, 2016) ... 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ... 16

*Besser v. Chapple*, No. SACV 09-230 DOC (Ex), 2009 WL 10698206 (C.D. Cal. Dec. 3, 2009) ... 11

*Bostick v. General Motors, LLC*, No. 5:19-cv-02451-VAP-SPx, 2020 WL 13283478 (C.D. Cal. July 22, 2020) ... 15

*Byars v. Hot Topic, Inc.*, 656 F.Supp.3d 1051 (C.D. Cal. 2023) ... 3, 16, 17, 18

*Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022) ... 17

*Cedars-Sinai Medical Center v. National League of Postmasters*, 497 F.3d 972 (9th Cir. 2007) ... 16

*ChromaDex, Inc. v. Elysium Health, Inc.*, 301 F.Supp.3d 963 (C.D. Cal. 2017) ... 6

*Collins v. Home Depot USA, Inc.*, No. SACV 22-00847-CJC (DFMx), 2022 WL 19915435 (C.D. Cal. Nov. 29, 2022) ... 5, 6

*Dennis v. Ralph Lauren Corp.*, No. 16cv1056-WQH-BGS, 2016 WL 7387356 (S.D. Cal. Dec. 20, 2016) ... 9

*EM General, LLC. v. Electronic Commerce, LLC*,
No. 8:20-cv-00623-AB-MAA,
2021 WL 6618660 (C.D. Cal. Mar. 17, 2021) ........ 12

*Escobar, Inc. v. Klarna, Inc.*,
No. CV 20-4908-DMG (GJSx),
2021 WL 840180 (C.D. Cal. Jan. 4, 2021) ........ 14

*Fisher v. Eddie Bauer LLC*,
No. 19cv857 JM (WVG),
2019 WL 9467922 (S.D. Cal. Oct. 18, 2019) ........ 9

*In re Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation*,
483 F.Supp.3d 838 (C.D. Cal. 2020) ........ 5

*Frances T. v. Village Green Owners Ass'n*,
42 Cal.3d 490 (1986) ........ 12

*Johnson v. Ocaris Management Group Inc.*,
No. 18-CV-24586-PCH
2019 WL 13235462 (S.D. Fla. May 30, 2019) ........ 17

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........ 8, 11

*Lisner v. Sparc Group LLC*,
No. 2:21-CV-05713-AB (GJSx),
2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ........ 9

*Martin v. Sephora USA, Inc.*,
No. 1:22-cv-01355-JLT-SAB,
2023 WL 2717636 (E.D. Cal. Mar. 30, 2023), *report and reccomendation adpoted*, 2023 WL 3061957 (E.D Cal. Apr. 24, 2023) ........ 17

*Mazzaferro v. Parisi*,
No. C 16-05641 WHA,
2017 WL 2902797 (N.D. Cal. July 7, 2017) ........ 11

*Moody v. Hot Topic, Inc.*,
No. EDCV 23-0447 JGB (SPx),
2023 WL 9511159 (C.D. Cal. Nov. 15, 2023) ........ passim

*Morrow-Meadows Corp. v. Honeywell Int'l Inc.*,
No. CV-05716-RSWL-SKx,
2022 WL 14751479 (C.D. Cal. Oct. 24, 2022) .................................................. 12

*Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*,
629 F.Supp.2d 1135 (E.D. Cal. 2009) ................................................................ 6

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
No. 3:18-cv-01538-H-MDD,
2019 WL 424703 (S.D. Cal. Feb. 4, 2019)................................................... 14, 15

*Paracor Finance, Inc. v. General Electric Capital Corp.*,
96 F.3d 1151 (9th Cir. 1996) ........................................................................ 2, 14

*Park v. Cole Haan, LLC*,
No. 17cv1422-LAB (BGS),
2018 WL 3438693 (S.D. Cal. July 17, 2018)....................................................... 8

*Rael v. Dooney & Bourke, Inc.*,
No. 16cv0371 JM(DHB),
2016 WL 3952219 (S.D. Cal. July 22, 2016)..................................................... 10

*Robinson Helicopter Co. v. Dana Corp.*,
34 Cal.4th 979 (2004) ........................................................................................ 6

*Russell v. Walmart, Inc.*,
680 F.Supp.3d 1130 (N.D. Cal. 2023).............................................................. 15

*Samaan v. Anthem Blue Cross Life & Health Insurance Co.*,
No. CV 20-4332-DMG (GJSx),
2021 WL 2792307 (C.D. Cal. Mar. 10, 2021) .................................................. 12

*Seegert v. Luxottica Retail North America*,
No. 17cv1372 Jm(blm),
2018 WL 1214888 (S.D. Cal. Feb. 23, 2018).................................................... 10

*Shayler v. 1310 PCH, LLC*,
51 F.4th 1015 (9th Cir. 2022) ........................................................................... 16

*Shubin v. Universal Vacation Club*,
622 F.Supp.3d 849 (C.D. Cal. 2022),
*aff'd*, 2024 WL 1367176 (9th Cir. Apr. 1, 2024). ................................................ 13

*State Farm Mutual Automobile Insurance Co. v. Mercedes-Benz USA, LLC*, No. 2:23-cv-03462-JLS-RAO, 2023 WL 11197099 (C.D. Cal. Sept. 19, 2023) .......... 13

*Sylabs, Inc. v. Rose*, No. 23-cv-00849-SVK, 2024 WL 2059716 (N.D. Cal. May 8, 2024) .......... 7

*Velasco v. Paccar, Inc.*, No. LA CV13-09407 JAK (ASx), 2017 WL 11632279 (C.D. Cal. Mar. 17, 2017) .......... 13

*Yi v. BMW North America, LLC*, No. 2:17-cv-06467-SVW-SK, 2018 WL 11148443 (C.D. Cal. Mar. 5, 2018) .......... 6

*Zuehlsdorf v. FCA US LLC*, No. EDCV 18-1877 JGB (KKx), 2019 WL 2098352 (C.D. Cal. Apr. 30, 2019) .......... 15

**STATUTES AND RULES**

Cal. Com. Code §2313 .......... 2, 14

Fed. R. Civ. P. 8 .......... 16

## PRELIMINARY STATEMENT

As Plaintiff acknowledges in her Complaint, in the current environment of increased costs for retail goods, consumers are searching out—and expecting—savings on products they buy online. The vast majority of retailers satisfy those consumer expectations by offering sales and discounts on website purchases as a routine part of their sales practices. But recently plaintiffs' firms—including Plaintiff's counsel here—have targeted online retailers in a series of cookie-cutter complaints. Indeed, Plaintiff's counsel Dovel & Luner, LLP ("Plaintiff's Counsel"), has filed at least *thirty-two nearly identical complaints* of fungible allegations regarding "Plaintiff's" purchase of a "Product" with a few cherry-picked screenshots of "Defendants' website" scattered throughout. Defendants' website, www.frontgate.com, is their current quarry: as in the other complaints, Plaintiff claims she made an online purchase—here, a chandelier—that she believed was discounted when it allegedly was not.[1]

As an initial matter, Plaintiff's Complaint ("Compl.") has a fatal flaw: it was filed in the wrong jurisdiction. As shown in Defendants' concurrently filed Motion to Transfer Class Action Complaint ("Motion to Transfer"), this action belongs in the U.S. District Court for the Southern District of Ohio. This Court should grant the Motion to Transfer and allow the Ohio court to decide this Motion to dismiss Plaintiff's claims. Assuming arguendo that the Motion to Transfer is not granted, the Complaint should be dismissed for several reasons.

*First*, because substantially the same allegations underlie Plaintiff's statutory and tort claims and breach of contract claims, the economic loss doctrine bars Plaintiff's statutory and common law misrepresentation claims, as she alleges no independent injury from the purported breach of contract, nor seeks additional damages apart from those arising from the alleged breach.

[1] Unless otherwise noted, all emphases are added, and all citations, footnotes, alterations, and internal quotation marks are omitted from all quoted material. "RJN" references are to the concurrently-filed Request for Judicial Notice. References to "Hamilton Decl." and "Hoffman Decl." are to the concurrently-filed declarations of Hillary Hamilton and Lorece Hoffman in support. All "Rule" references are to the Federal Rules of Civil Procedure.

*Second*, because Plaintiff's statutory and common law misrepresentation claims sound in fraud, they fail to meet Rule 9's heightened pleading standard. Her conclusory allegations that Defendants' "purported regular prices were not the true regular prices that Defendants sell the products for, the purported discounts were not the true discounts, and the discounts were ongoing—not time-limited" (Compl. ¶12), fail to include key facts like the "regular price" of the chandelier she purchased, what discount she received, or any facts to support her allegations regarding "Defendants'" purported false sales practices. Since she did not provide key details about her own alleged transaction on the Frontgate website, Plaintiff unsurprisingly also fails to adequately allege facts supporting her reiterated blanket assertion that "everything about Defendants' price and purported discount advertising is false." (*See, e.g.*, *id.* ¶¶10, 26.)

*Third*, Plaintiff's breach of contract and express warranty claims fail. Plaintiff bases both claims on the same insufficient allegations of fraud as her misrepresentation claims, and thus they fail for that reason. She also does not specifically allege the terms of the alleged contract or indicate what provision was breached, so her breach of contract claim cannot survive dismissal. And her express warranty claim is predicated entirely on general allegations of Defendants' misrepresentations regarding "the regular price and market value" of their products and the discount off that price. (*Id.* ¶46.) This claim thus fails because "an affirmation merely of the value of the goods… does not create a warranty." Cal. Com. Code §2313(2).

*Fourth*, Plaintiff cannot pursue her "unjust enrichment/quasi-contract" claim while simultaneously seeking recovery for breach of contract. A plaintiff cannot claim a contract did not exist while also seeking recovery under that contract. *See, e.g.*, *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). And even if Plaintiff tries to disavow her contract claims, she has not sufficiently alleged Defendants' fraud as a basis for her unjust enrichment claim.

*Fifth*, Plaintiff fails to clear even the low bar set by Rule 8(a)(2). As courts in this Circuit recognize, "if a litigant pleads at such a high level of generality that it is possible

to copy and paste a complaint word-for-word against a new defendant…, then almost by definition [s]he is pleading without the factual specificity necessary to state a claim for relief." *Byars v. Hot Topic, Inc.*, 656 F.Supp.3d 1051, 1060-61 (C.D. Cal. 2023). Plaintiff's fungible allegations inherently lack plausibility for the same reasons.

For these reasons, and as set forth below, the Complaint should be dismissed.

## BACKGROUND

Plaintiff alleges that on November 20, 2023, she purchased a "Pascal 6 Light Chandelier" (the "Chandelier") on the Frontgate website. (Compl. ¶40.) This appears to be the only Frontgate purchase Plaintiff has ever made. (Hoffman Decl. ¶5.)

On November 22, 2024, Plaintiff filed this action seeking to represent a nationwide class and a California subclass of consumers who allegedly "purchased one or more Frontgate Products at a purported discount on Defendants' website." (Compl. ¶59.) Plaintiff asserts breach of contract and quasi-contract/unjust enrichment claims on behalf of herself and the nationwide class (*id*. ¶¶111-20, 128-33); she also asserts claims for violations of the FAL, UCL, CLRA, as well as breach of express warranty and negligent and intentional misrepresentation on behalf of herself and the California subclass. (*See id*. ¶¶66-110, 121-27, 134-51.)[2]

Plaintiff claims that, at the time of her purchase, the Frontgate website advertised "***Up to*** 50% Off Sitewide." (*Id*. ¶40.) Plaintiff alleges that she purchased the Chandelier for the discounted price of $419.98 plus tax and shipping costs, but does not allege which discount—of the range of potential discounts "up to 50% off"—applied to her purchase, if

---

[2] This is Plaintiff's Counsel's second attempt to assert nearly identical allegations and claims against Defendants. (*Compare* Compl. *with* Hamilton Decl. Exs. 31 and 32 (Complaint and First Amended Complaint in *Simpson v. Cinmar, LLC*, No. 2:24-cv-04753 (C.D. Cal.); Ex. 46 (redline comparing Complaint and *Simpson* First Amended Complaint).) When Defendants moved to transfer the *Simpson* action to the Middle District of Florida pursuant to the forum-selection clause in Frontgate's website Conditions of Use that the first plaintiff indisputably agreed to, Plaintiff's Counsel dismissed the unfortunate Ms. Simpson's case and promptly filed this nearly identical action on Ms. Greben's behalf. (*See* Hamilton Decl. Exs. 43-45.) Setting aside the obvious class certification hurdles evidenced by the existence of purported class members bound by the forum-selection and choice-of-law provisions in the Frontgate website terms, this action belongs in the Southern District of Ohio, as shown in the concurrently-filed Motion to Transfer.

any, nor provide the "email confirmation" she allegedly received reflecting the "discounted price" she paid. (*Id.* ¶41.) Tellingly, while claiming she believed "she was receiving the advertised discount as compared to the regular price," that "Defendants represented that the… Chandelier had a regular price significantly higher than the discounted price Plaintiff was receiving," and that "the Product" she purchased is "regularly available at a discounted price off the purported regular price[]," *Plaintiff nowhere alleges what that "regular price" was.* (*Id.* ¶¶42, 47-48.) Plaintiff also does not include any screenshots of the advertising or product page for the Chandelier she allegedly purchased, only a handful of screenshots featuring wholly unrelated products, like "Dining Chairs." (*Id.* ¶¶23, 40.)

Indeed, although Plaintiff's only purchase on www.frontgate.com was in November of 2023, her cherry-picked screenshots depict promotions stretching back to April 2022, alleging all Frontgate "purported discounts [are not] limited in time—quite the opposite, they are regularly available." (*Id.* ¶¶23, 27, 44.) As "evidence" for her claims, Plaintiff relies on an "investigation" supposedly conducted by her counsel which purportedly "revealed that Defendants' products have been regularly available at allegedly discounted prices for years." (*Id.* ¶24.) The "investigation" purportedly consisted of "49 randomly selected screenshots of Defendants' homepage from 2023," which Plaintiff does not provide—hardly support for Plaintiff's allegation that "everything about Defendants' price and purported discount advertising is false" and has been "for years." (*Id.* ¶¶10, 24.)[3] To the contrary, Plaintiff's representations about Defendants' practices are misleading: screenshots of the Frontgate website shortly before and after Plaintiff's curated selections show the discount examples on which she bases her claims lasted a few days at most.[4]

For example, Plaintiff claims the discount offered on November 20, 2023 (the day

[3] Although Plaintiff claims that her counsel also "gathered all available screenshots on the Internet Archive of Defendants' homepage" in the 90-day period preceding her purchase, she neglected to include those screenshots with her Complaint either. (*Id.*¶24.)

[4] Because Plaintiff references and includes screenshots of Frontgate advertised discounts as a basis to allege Frontgate discounts are not time-limited, the Court may consider screenshots of the Frontgate homepage in the days shortly before and after those advertisements as incorporated by reference. (*See* RJN §II (collecting cases).)

she bought the Chandelier) was "Up to 50% Off Sitewide." (Compl. ¶ 40.) But on November 16, 2023, Frontgate was advertising *another discount entirely*: "Two Days Only – Up to 40% Off Sitewide." (Hamilton Decl. Ex. 7.) And by November 25, 2023 (only five days after Plaintiff's purchase), the site was offering "Black Friday – 20%-60% Off Sitewide + Free Shipping." (*Id*. Ex. 8.) Indeed, *all* the Frontgate sales challenged in the Complaint as not "time-limited" (Compl. ¶¶10, 12, 48) changed within days—a fact readily determined using the publicly accessible Internet Archive.[5] Plaintiff's easily refuted accusations reveal her counsel's "investigation" of Defendants' practices was facile at best. Her claims are equally meritless and should be dismissed.

## ARGUMENT

## I. THE ECONOMIC LOSS DOCTRINE BARS PLAINTIFF'S STATUTORY AND MISREPRESENTATION CLAIMS

As a preliminary matter, Plaintiff's statutory and misrepresentation claims are barred by the economic loss doctrine.[6] The economic loss doctrine precludes recovery in tort where plaintiff's tort claims are based on the same factual allegations, and seek the same damages, as plaintiff's contract claims. *See Collins v. Home Depot USA, Inc.*, 2022 WL 19915435, at *5 (C.D. Cal. Nov. 29, 2022) (applying economic loss rule where plaintiff alleged defendant breached contract by violating its return policy, because "[t]he alleged

[5] *Compare, e.g.*, Compl. ¶23 (4/28/22 "Indoor, Outdoor, Everything. 15% Off Sitewide") *with* Hamilton Decl. Exs. 1, 2 (4/21/22 ("20% Off Any Single Item") and 4/29/22 ("Up to 20% Off Poolside Essentials")); Compl. ¶23 (8/1/22 "Anniversary Sale 15% off sitewide + Free Shipping") *with* Hamilton Decl. Exs. 3, 4 (7/22/22 ("Unlimited Furniture Delivery. Just $99") and 8/11/22 ("25% Off Any Single Item")); Compl. ¶23 (3/10/23 "Up to 20% Off Sitewide") *with* Hamilton Decl. Exs. 5, 6 (3/3/23 ("Up to 25% Off All Dining and Entertaining") and 3/17/23 ("Save up to $2,200 + Free shipping on Outdoor Furniture Sets")).

[6] Though the economic loss doctrine bars recovery in "tort," the doctrine also applies to statutory claims in cases where, as here, the claims arise from substantially the same allegations and seek the exact same recovery. *See In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483 F.Supp.3d 838, 849 (C.D. Cal. 2020) (rejecting plaintiff's contention that the economic loss rule did not apply to his "statutory claims under Song-Beverly" because "the economic loss rule turns not on what claims a plaintiff alleges, but rather on the harm caused (whether it is purely economic) and on the nature of the conduct that caused it, and more particularly on whether that conduct overlaps with a contractual obligation or is independent of it").

fraud [was] directly related to Defendant's conduct under the Return Policy"); *ChromaDex, Inc. v. Elysium Health, Inc.*, 301 F.Supp.3d 963, 970 (C.D. Cal. 2017) (applying economic loss rule where defendant's "purported statements were simply reassurances and representations incidental to the contract to induce" plaintiff to act).[7] To avoid the doctrine's application, the plaintiff must "demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004).

Importantly, the doctrine "applies even when the breach is accomplished in a fraudulent manner," *Collins*, 2022 WL 19915435, at *4, and when the plaintiff alleges the misrepresentation caused her to enter the contract, *see Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*, 629 F.Supp.2d 1135, 1146 (E.D. Cal. 2009) (applying economic loss rule where alleged misrepresentation consisted of "[defendant's] initial promise associated with the alleged oral contract").

Here, Plaintiff's statutory and misrepresentation claims call for textbook application of the economic loss doctrine.

*First*, Plaintiff asserts no independent injury from the alleged misrepresentations independent of the alleged breach of contract. Rather, her alleged injury from the breach of contract—paying above a promised discounted price—is the same as the alleged injury from the statutory and tort claims. The only allegations in the Complaint concerning Plaintiff's purchase are that she bought the Chandelier at a discounted price on a day Defendants' website advertised its merchandise at "Up to 50% Off Sitewide" (Compl. ¶¶40-41.) Plaintiff generally alleges Defendants breached their contract by "failing to provide Products that had a regular price… equal to the regular price displayed on their website" or "provide the promised discount." (*Id.* ¶118.) The conduct underlying the purported breach consists entirely of Defendants' purported misrepresentations: Plaintiff alleges Defendants made "false representations and material omissions… concerning the

[7] *See also Yi v. BMW N. Am., LLC*, 2018 WL 11148443, at *2 (C.D. Cal. Mar. 5, 2018) (holding economic loss rule barred claim where "[p]laintiff has not pleaded any personal damages independent of the economic loss" and "only claims that 'pursuant to the fraud claim, [p]laintiff is entitled to the actual purchase price paid, plus punitive damages'").

existence and/or nature of the discounts and savings advertised." (*Id.* ¶¶136; *see also id.* ¶¶70-71, 73, 82, 88, 99.)

Accordingly, Plaintiff's tort claims "necessarily arise out of [her] breach-of-contract claims, as the representations in question *are the very contractual obligations that Defendants allegedly breached*." *Sylabs, Inc. v. Rose*, 2024 WL 2059716, at *8 (N.D. Cal. May 8, 2024) (emphasis in original).

*Second*, Plaintiff does not allege damages apart from those arising from the breach. Specifically, Plaintiff alleges Defendants "fail[ed]to provide the promised discount" and their breach "deprived [Plaintiff] of the benefit of their bargained-for exchange," (Compl. ¶¶118, 120), and she was damaged by Defendants' torts by "overpa[ying] for the Products[.]" (*Id.* ¶¶76, 91, 127, 142, 151.) Indeed, Plaintiff's prayer for damages applies to all her claims without differentiation. (*See id.* ¶152.) Plaintiff's claims are thus barred.

## II. <u>PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO INFER FRAUD OR DECEPTION</u>

Under Rule 9(b), claims based on alleged fraudulent conduct must be pled with "particularity" and "be specific enough to give defendants notice of the particular misconduct so they can defend against the charge and not just deny that they have done anything wrong." *Moody v. Hot Topic, Inc.*, 2023 WL 9511159, at *5 (C.D. Cal. Nov. 15, 2023) (dismissing nearly identical complaint filed by Plaintiff's Counsel).

A court in this District considering near identical allegations in a complaint filed by Plaintiff's Counsel *has already concluded* Plaintiff's "misrepresentation claims for violation of the FAL, CLRA, UCL, intentional misrepresentation, and negligent misrepresentation all require pleading fraudulent conduct with particularity under Rule 9(b)." *Id.* at *6. Here, Plaintiff must, but did not, allege specific facts identifying fraudulent representations she relied on and why they were fraudulent.

### A. <u>Plaintiff Does Not Adequately Allege Reliance</u>

To satisfy Rule 9(b), Plaintiff must "specify what the… advertisements or other sales

material specifically stated," and how Plaintiff "was exposed to them or which ones [s]he found material." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Courts dismiss complaints, like Plaintiff's, that generally allege reliance on deceptive advertising regarding discount pricing. *See, e.g.*, *Park v. Cole Haan, LLC*, 2018 WL 3438693, at *4, *6 (S.D. Cal. July 17, 2018) (dismissing UCL, FAL and CLRA claims because "[t]he Complaint falls short of even the *Twombly/Iqbal* pleading standard, and even shorter of the Rule 9(b) standard" where "[t]he Complaint's description of the representations is extremely vague" and "does not identify what representations [the plaintiff] relied on (signs, price tags, etc.) nor what they said").

The *Moody* court dismissed a nearly identical complaint because plaintiffs did "not specify which… misleading statements they were exposed to or found material during their purchases." 2023 WL 9511159, at *7. "Rather, the FAC broadly states: '[p]laintiffs read and relied on the representations on the website… that they were receiving the advertised discounts as compared to the regular price.'" *Id*. Plaintiff here relies on nearly the *same statement* to support her FAL, UCL, CLRA, and misrepresentation claims. (*Compare* Compl. ¶47, *with* Hamilton Decl. Ex. 14 ¶57 (same allegation in *Moody* complaint).)

The *Moody* court rejected the plaintiffs' contention that they alleged (as Plaintiff does here) that "[d]efendant's alleged misrepresentations were located 'on a banner displayed prominently at the top of each page,' 'on its product descriptions,' and 'on its checkout pages'" because "while the FAC alleges that the purported discounts were advertised in those places, it does not connect those promotions to [p]laintiffs' purchasing experience." 2023 WL 9511159, at *7. The plaintiffs did not allege "whether [p]laintiffs saw those discount promotions during their purchases, when [p]laintiffs viewed those promotions, and which of those various promotions… [p]laintiffs found material and relied upon." *Id*.

Unsurprisingly, given their shared counsel, Plaintiff's Complaint here suffers from the same defects. Plaintiff merely alleges that, when she made her purchase, the Frontgate website advertised "Up to 50% Off Sitewide." (Compl. ¶40.) But although the offer was

for "***Up to*** 50% Off Sitewide," Plaintiff generally alleges "Defendants represented that Ms. Greben was receiving a discount for the item that she ordered" and does not allege the amount of the discount applied to the Chandelier, which could have ranged anywhere from 50% to *nothing at all*. (*Id.* ¶41.) Rather, the Complaint includes the same boilerplate language the *Moody* court rejected—Defendants "advertise these discounts extensively: in a large banner image on their homepage; on the products listing pages; on the individual product pages for each Product; and during checkout." (*Id.* ¶23.) Thus, Plaintiff has not satisfied the Rule 9(b) pleading standards for her misrepresentation claims.

**B. <u>Plaintiff Fails To Plead Facts Supporting Her Claim That All Defendants' Prices Are False</u>**

Plaintiff's Complaint also fails to adequately allege facts in support of her blanket assertion that "Defendants consistently offer discounts off the purported regular prices they advertise" and thus "everything about Defendants' price and purported discount advertising is false." (*See, e.g.*, Compl. ¶¶10, 27.) "Although [p]laintiffs are not required to allege 'the full daily detailed pricing histories' of the products purchased, [p]laintiffs do have to allege sufficient information to assure that the fraud allegations in the FAC are supported." *Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at *5 (C.D. Cal. Dec. 29, 2021).

In *Lisner*, a court in this District dismissed UCL, CLRA, and FAL claims alleging Aéropostale used false and deceptive reference pricing as a basis for their discounts online and in their retail stores. The court dismissed the claims under Rule 9(b) because "[p]laintiffs' failure to allege the pricing information for the items [p]laintiffs purchased in the FAC… is fatal to their claims that Aéropostale perpetrates a nationwide false discount advertising scheme for nearly all of its products offered across all of its sale channels." *Id.* at *6; *see also Fisher v. Eddie Bauer LLC*, 2019 WL 9467922, at *6 (S.D. Cal. Oct. 18, 2019) (holding "[o]verall, the particular facts pled by Fisher regarding two products purchased at a single store are insufficient to support his broader allegation of a fraudulent pricing scheme involving almost all merchandise" sold by defendant); *Dennis v. Ralph Lauren Corp.*, 2016 WL 7387356, at *4 (S.D. Cal. Dec. 20, 2016) (holding "[p]laintiff does

not state a claim under the FAL, CLRA, or UCL, because [p]laintiff does not allege facts to support an inference that the 'original or market' prices allegedly advertised by [d]efendant are false").

Merely alleging "[d]efendant's sales pricing scheme is false because [d]efendant advertises products as on-sale by comparing the 'sale' price to its false 'original' price" will not survive Rule 9(b) where "[p]laintiff alleges no facts to illustrate *why* the 'original' price of the purchase[]… was false or misleading." *Rael v. Dooney & Bourke, Inc.*, 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016) (emphasis in original) (dismissing UCL, CLRA and FAL claims); *see also Seegert v. Luxottica Retail N. Am.*, 2018 WL 1214888, at *3 (S.D. Cal. Feb. 23, 2018) (dismissing UCL, CLRA and FAL claims because "[p]laintiff cannot meet her burden [under 9(b)] by alleging in conclusory fashion that the advertisement is deceptive because the lenses were not sold at list price"); *Barber v. DSW Inc.*, 2016 WL 11954427, at *6 (C.D. Cal. Apr. 4, 2016) (dismissing UCL, CLRA, FAL and unjust enrichment claims where plaintiff "does not allege sufficient facts supporting any of [her] theories of liability," but instead "only provides conclusory allegations that [d]efendant's comparative reference prices for its products do not reflect the manufacturer's suggested retail price or former prices offered by [d]efendant").[8]

Here, Plaintiff not only fails to specify what discount she received on her purchase, or even what the "regular price" of the Chandelier was (*supra* at 3-4), she offers no examples of *any* "regular prices Defendants advertise [that] are not actually Defendants' regular or former prices." (Compl. ¶¶10, 27.) Indeed, she offers no facts at all to support her assertion that "everything about Defendants' price and purported discount advertising is false." (*Id.*)

---

[8] The *Rael* court notably rejected plaintiff's attorney's declaration describing his "extensive investigation of sales and discount pricing advertisements" because it failed to address "[w]hich products, if any, are discounted beyond the 90-day period" or if the attorney "attempt[ed] to search for the handbag purchased by [p]laintiff to determine if its pricing was false and if so, on what basis[,]" and thus "simply reiterates the conclusions set forth in [p]laintiff's complaint as his own, which cannot serve as the factual basis for [p]laintiff's claims." 2016 WL 3952219, at *3. Plaintiff's single and unsupported allegation about her counsel's "investigation" here suffers from the same defects. (*See* Compl. ¶24.)

Thus, Plaintiff's fraud-based statutory and misrepresentation claims should be dismissed in their entirety.

## III. PLAINTIFF'S BREACH OF CONTRACT AND EXPRESS WARRANTY CLAIMS FAIL

### A. Plaintiff's Conclusory Allegations Do Not Satisfy Rule 9(b)

Courts routinely hold breach of contract and express warranty claims "based on allegations that [d]efendant made false or misleading statements about its products' market value and purported discounts" are "subject to the heightened pleading standard of Rule 9(b)." *Moody*, 2023 WL 9511159, at *9; *Kearns*, 567 F.3d at 1125 ("A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading… as a whole must satisfy the particularity requirement of Rule 9(b).").

Here, Plaintiff's breach of contract and express warranty claims are based on precisely the same allegations as the fraud-based claims. (*Compare* Compl. ¶¶70-72, 83-85, 98-99, *with id.* ¶¶118, 123.) That is, the "breaches" arose from Defendants' representations about the "advertised list price" and the "discounted price." (*Id.* ¶¶48, 51.) Plaintiff's breach of contract and warranty claims are grounded in fraud and must therefore meet the heightened pleading standard under Rule 9(b). However, Plaintiff has not specifically pled any facts regarding the terms of the parties' contract or warranties (*see generally id.* ¶¶50-54, 111-27),[9] the discount she received, or the "regular price" of the Chandelier. *See supra* at 3-4. The Court must thus dismiss these claims.

### B. Plaintiff Does Not Allege Facts Giving Rise To Breach Of Contract

Setting aside Rule 9's heightened pleading standard, Plaintiff has not alleged a

[9] If the Court finds that Plaintiff's claims satisfy Rule 9(b), Defendants are still entitled to seek more specificity regarding what contract Plaintiff's claims are based on under Rule 12(e). *See Mazzaferro v. Parisi*, 2017 WL 2902797, at *2 (N.D. Cal. July 7, 2017) ("Such motions are appropriate where ambiguity arises in determining the nature of the claim or the parties against whom it is being made."); *see also Besser v. Chapple*, 2009 WL 10698206, *4 (C.D. Cal. Dec. 3, 2009) (granting motion where plaintiffs failed to "even allege one agreement with specificity").

breach of contract in any case. "Under California law, a breach of contract claim must be dismissed when the plaintiff fails to identify any contract provision that was breached." *Morrow-Meadows Corp. v. Honeywell Int'l Inc.*, 2022 WL 14751479, at *3 (C.D. Cal. Oct. 24, 2022); *see also Samaan v. Anthem Blue Cross Life & Health Ins. Co.*, 2021 WL 2792307, at *6 (C.D. Cal. Mar. 10, 2021) (dismissing breach of contract claim that lacked "allegations of the specific contractual provisions that describe the proper compensation [p]laintiff was due"); *Frances T. v. Vill. Green Owners Ass'n*, 42 Cal.3d 490, 512-13 (1986) (holding "[p]laintiff's allegation that defendants breached that contract by failing to install additional lighting must fail because she does not allege that any provision in any of the writings imposed such an obligation on defendant"). Therefore, California courts dismiss breach of contract claims where plaintiffs seek to imply terms not explicit in the contract. *See EM Gen., LLC. v. Elec. Com., LLC*, 2021 WL 6618660, at *3 (C.D. Cal. Mar. 17, 2021) (dismissing breach of contract claim where plaintiff "assert[ed] that the breach is premised upon implicit agreement, not any actual language of" the contract).

Here, Plaintiff's contract claim fails because her vague allegations do not identify any specific provision of the contract that Defendants allegedly breached or otherwise show *how* Defendants breached the contract. Plaintiff generically claims Defendants "offer[ed] to provide Products having a particular listed regular price and market value, and to provide those products at the discounted price advertised on the website" and Defendants breached the contract "by failing to provide… Products that had a regular price and market value equal to the regular price displayed" or "provide the discount they promised." (Compl. ¶¶50, 54.)

But the Complaint itself shows Defendants agreed to nothing of the sort: Plaintiff alleges when she entered the sales contract with Defendants, Defendants' website "represented that the… Chandelier had a regular price, but was on sale for a discounted price of $419.98 plus tax and shipping" and Defendants "represented that [Plaintiff] was receiving a discount for the item that she ordered." (*Id*. ¶41.) The Complaint alleges simply that Plaintiff purchased and received the Chandelier for a price less than the regular listed

price on Defendants' website, exactly as Defendant "offer[ed]" and Plaintiff "accepted." (*Id*. ¶45.) That does not state a claim for breach of contract.

In any event, Plaintiff's contract claim is not pled with sufficient specificity to determine there was a breach. Plaintiff alleges only that she purchased the Chandelier on sale for the price of $419.98 plus tax and shipping. (*Id.* ¶41.) But without alleging the non-discounted "regular price," Plaintiff's allegations are too vague to support her claim for breach of contract. Plaintiff also does not allege the true "market price" of the Chandelier, for example, by alleging prices offered by other retailers for comparable products. Accordingly, Plaintiff's breach of contract claim fails.

**C. <u>Plaintiff Does Not Allege Any Express Warranty</u>**

"An express warranty is a term of the parties' contract." *Velasco v. Paccar, Inc.*, 2017 WL 11632279, at *4 (C.D. Cal. Mar. 17, 2017). Where a plaintiff "alleges substantially similar facts in support of [her] breach of contract claim as [she] alleges in support of [her] breach of express warranty claim[,]" both claims are subject to dismissal for the same reason. *State Farm Mut. Auto. Ins. Co. v. Mercedes-Benz USA, LLC*, 2023 WL 11197099, at *3 (C.D. Cal. Sept. 19, 2023). Here, Plaintiff's breach of warranty claim rests on the same vague allegations as her breach of contract claim. (*See* Compl. ¶54 ("Defendants also breached warranties for the same reasons.").) It thus fails for the same reasons described above: Plaintiff does not allege the warranty term purportedly breached or show how Defendants could have breached that term.

Plaintiff's claim also fails because the purported warranty in this case—if any—concerns the value of the Chandelier and is thus not a warranty under the law. Express warranties are "written statement[s] relating to the title, character, quality, identity, or condition of the sold goods." *Shubin v. Universal Vacation Club*, 622 F.Supp.3d 849, 855 (C.D. Cal. 2022), *aff'd*, 2024 WL 1367176 (9th Cir. Apr. 1, 2024). To state a breach of warranty claim, "one must allege *the exact terms of the warranty*, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Id.* (dismissing breach of express warranty claim because "[p]laintiff has not stated the

exact terms of the warranty, nor has she identified a specific written statement relating to the warranted condition of her hotel room”).[10] And “*an affirmation merely of the value of the goods… does not create a warranty*.” Cal. Com. Code §2313(2).

Here, Plaintiff once again does not plead a specific representation by Defendants, let alone the required “exact terms” of the warranty. Rather, Plaintiff alleges Defendants “warranted that the regular price and market value of the Product [Plaintiff] purchased was the advertised list price” and Plaintiff “was receiving a specific discount on that Product.” (Compl. ¶51.) As noted above, Plaintiff does not identify the regular price, the market value, or the “specific discount” she received on the Chandelier. But even if she had, the Commercial Code makes clear that any alleged representations of the “value” of the Chandelier (whatever they might be) did not “not create a warranty” that Plaintiff could have relied on. Cal. Com. Code §2313(2). Thus, Plaintiff’s express warranty claim should be dismissed.

## IV. PLAINTIFF’S “QUASI-CONTRACT/UNJUST ENRICHMENT” CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF SEEKS RELIEF BASED ON A VALID CONTRACT AND FAILS TO PLEAD FRAUD

Plaintiff’s claim for quasi-contract is precluded by her simultaneous attempt to recover for breach of contract. Under California law, “unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties.” *Paracor Fin.*, 96 F.3d at 1167. “A plaintiff can plead a quasi-contract claim and breach of an enforceable contract that are inconsistent with one another,” but “cannot, however, plead the existence of an enforceable agreement where their unjust enrichment claim did not deny the existence or enforceability of that agreement.” *Escobar, Inc. v. Klarna, Inc.*, 2021 WL 840180, at *5 (C.D. Cal. Jan. 4, 2021) (dismissing unjust enrichment claim).

---

[10] *See also Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *6 (S.D. Cal. Feb. 4, 2019) (same, finding no breach of express warranty where defendant represented its butter was from “grass-fed cows” because “[p]laintiff received a butter product that was derived from cows that were grass-fed” and “[d]efendant did not make any warranty that the products were derived from cows that were fed only grass”).

Here, the Complaint repeatedly alleges the existence of an enforceable contract that supposedly governs the parties' conduct. (Compl. ¶¶50-54, 113-20.) A court recently dismissed nearly identical claims for unjust enrichment because "[p]laintiffs here have alleged no facts to support an inference that the contracts are unenforceable" and "in fact claim[] that [p]laintiffs entered into contracts with [defendant] when they placed orders to purchase Products on [d]efendant's website." *Moody*, 2023 WL 9511159, at *10.

Although Plaintiff claims that her quasi-contract claim is "[i]n the alternative" to her breach of contract claim (Compl. ¶129), "while parties may generally advance arguments and claims in the alternative... here, in order for [p]laintiff to prevail on his quasi-contract claim, the Court would have to find that no express contract existed." *Moody*, 2023 WL 9511159, at *10 (citing *Zuehlsdorf v. FCA US LLC*, 2019 WL 2098352, at *13 (C.D. Cal. Apr. 30, 2019); *Bostick v. Gen. Motors, LLC*, 2020 WL 13283478, at *9 (C.D. Cal. July 22, 2020)). Here, like in *Moody*, Plaintiff "cannot allege in good faith, while maintaining [her] other claims, that no contract exists between" herself and Defendants. 2023 WL 9511159, at *10. Thus, her quasi-contract claim fails.

Even if Plaintiff did not allege a contract existed, her unjust enrichment claim would fail because "in order to succeed in an unjust enrichment claim [based on fraudulent advertising], a plaintiff must show some fraud." *Myers-Taylor*, 2019 WL 424703, at *6; *Russell v. Walmart, Inc.*, 680 F.Supp.3d 1130, 1133 (N.D. Cal. 2023) (dismissing unjust enrichment claim with prejudice where plaintiff failed to allege defendant "unjustly secured that benefit through qualifying conduct" as "[a]bsent qualifying mistake, fraud, coercion, or request by [defendant], there is no injustice"). Here, Plaintiff "has failed to allege any fraudulent or misleading [representations] with the specificity required by Rule 9(b)," so her claim for unjust enrichment must be dismissed as well. *Myers-Taylor*, 2019 WL 424703, at *6.

## V. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE HER ALLEGATIONS ARE TOO VAGUE TO SATISFY RULE 8

As shown above, Plaintiff must, but did not, plead her fraud-based claims with the

requisite particularity to satisfy Rule 9. But her allegations also fail to meet Rule 8's liberal pleading standard. Under Rule 8(a), a pleading must present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A litigant who fails to meet this standard faces dismissal under Rule 12(b)(6); to survive, the complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," nor do they "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007).

Rather, the pleading must state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged]." *Twombly*, 550 U.S. at 556. Indeed, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 555 n.3; *see also Iqbal*, 556 U.S. at 678-79 (stating Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Where "plaintiffs… have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 547.

The Ninth Circuit recognizes "[a] hallmark of abusive… litigation is the use of form complaints containing a multitude of boilerplate allegations of varying merit." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018 (9th Cir. 2022). "The ability to file essentially the same complaints over and over again, combined with the hope of intimidating the defendant into an early settlement… allows for a quick recovery of attorney's fees with relatively minimal difficulty." *Id.*

Courts in this Circuit have held such "cookie-cutter pleadings" belie the plausibility of a plaintiff's claims of injury. In *Byars*, Judge Bernal observed "[p]laintiff's [c]ounsel's

conduct, filing scores of identical lawsuits seemingly with little or no regard for the nature or size of the business he is suing, undercuts any presumption of good faith that might ordinarily apply." 656 F.Supp.3d at 1062. "Moreover, background principles of law indicate that 'good faith' allegations must be consistent with plausibility pleading standards" because "[c]ourts do not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*.

As Judge Bernal explained, "*Twombly-Iqbal* pleading standards might be distilled to a single proposition: if a litigant pleads at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant…, then almost by definition he is pleading without the factual specificity necessary to state a claim for relief." *Byars*, 656 F.Supp.3d at 1060-61; *see also Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *8 n.7 (E.D. Cal. Mar. 30, 2023) (noting "[p]laintiff's counsel has brought numerous lawsuits… against various businesses that operate websites and the complaints in these lawsuits are virtually identical" and, under *Iqbal*, "[t]he observation of this fact is not irrelevant to the Court's plausibility analysis"); *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 71, 76-77 (2d Cir. 2022) (affirming dismissal of "nearly identical complaints" against retailers where "[p]laintiffs' vague assertions that they have been customers at [d]efendants' businesses… do not specify which stores they visited or what items they purchased" or why: "[W]e cannot ignore the broader context of [p]laintiffs' transparent cut-and-paste and fill-in-the-blank pleadings… [p]laintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury.")[11]

Here, Plaintiff's Counsel has filed *thirty-two other complaints* that mirror almost verbatim the generic allegations against Defendants here and assert the same claims. (*Compare, e.g.*, Compl. ¶12 ("Had Defendants been truthful, [Plaintiff] and other consumers like her would not have purchased the Products, or would have paid less for

---

[11] *See also Johnson v. Ocaris Mgmt. Grp. Inc.*, 2019 WL 13235462, at *3, *4 (S.D. Fla. May 30, 2019) (holding "core ADA allegations were not credible" where plaintiff filed 26 ADA complaints against gas stations "identical except for the defendant's name, the location of the station, and the date" visited).

them.") *with* Hamilton Decl. Exs. 11-39, 41 ¶¶7, 11-14 ("Had [defendant(s)] been truthful, [plaintiff(s)] and other consumers like [him/her/them] would not have purchased the Products, or would have paid less for them.").)[12] Each complaint is equally devoid of facts regarding the plaintiffs' purchases, featuring vague (and conveniently fungible) assertions such as "[plaintiff] believed that [he/she] was purchasing a Product whose regular price and market value were the purported regular price that Defendants advertised, and that [he/she] was receiving a substantial discount" and "the discount was ongoing—not time-limited." (*Compare* Compl. ¶¶11-12 *with* Hamilton Decl. Exs. 11-35, 37-38, 41 ¶¶7, 9-12 (same or similar).) Indeed, as shown, the Complaint is a nearly verbatim reproduction of the complaint Plaintiff's Counsel filed on behalf of another Frontgate customer, whose claims were abandoned once Plaintiff's Counsel realized she was contractually bound to litigate her claims in a Florida court. (*See supra* n.2.)

The boilerplate allegations in the Complaint employ such "a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant" and thus are "plead[ed] without the factual specificity necessary to state a claim for relief." *Byars*, 656 F.Supp.3d at 1060-61. They cannot satisfy Rule 8's specificity requirement because they are, by definition, *not* specific to Frontgate. As shown, the bulk of Plaintiff's contentions are merely recycled from other complaints against other retailers. Moreover, there is no evidence in the Complaint that Plaintiff's Counsel conducted a reasonable investigation into Defendants' pricing and discount model before filing the complaint.

For example, Plaintiff alleges that she understood "Defendants regularly sold the Product she was purchasing at the published regular price" but in fact "the Product" she purchased is "regularly available at a discounted price of off the purported regular price," and that "Defendants advertise regular prices that are not their true regular prices, or their former prices, and were not the prevailing market price in the three months immediately preceding the advertisement" in violation of California Business & Professions Code

---

[12] The Court may take judicial notice of these complaints pursuant to Federal Rule of Evidence 201. (*See* RJN §III.)

§17501. (Compl. ¶¶33, 47, 48.) But again, nowhere in the Complaint does Plaintiff give any indication what the purported "regular price" was, let alone provide any support for her contentions regarding the discounts Defendants offered from that price.

Plaintiff also repeatedly and generally alleges Frontgate sales are "ongoing—not time-limited," but does not allege any facts to show that Plaintiff or her counsel tracked these sales to determine whether they were limited in duration. (*Id.*¶¶12, 48, 71.) Indeed, as shown, the "sales" Plaintiff refers to in her Complaint lasted only a matter of days. *Supra* at 4-5 & n.5.

Because the allegations made in the Complaint are so generic that they could be—and are—leveled at myriad defendant retailers offering online discounts, Plaintiff fails to satisfy even the plausibility standard of Rule 8(a)(2).

## CONCLUSION

For these reasons, should the Court determine not to transfer this action, the Court should dismiss the Complaint with prejudice.

DATED: January 20, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *\/s/ Jason D. Russell*
JASON D. RUSSELL
Attorneys for Defendants
CINMAR, LLC and FRONTGATE MARKETING, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Cinmar, LLC and Frontgate Marketing, Inc., certifies that this brief contains 6,732 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

DATED: January 20, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *\/s\/ Jason D. Russell*
JASON D. RUSSELL
Attorneys for Defendants
CINMAR, LLC and FRONTGATE MARKETING, INC.