Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELANIE GREBEN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CINMAR, LLC and FRONTGATE MARKETING, INC.,<br><br>*Defendants*. | Case No. 2:24-cv-10140-MRA-BFM<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |

# Table of Contents


I. Introduction. ........................................ 1
II. Defendants' deceptive pricing scheme. ........................................ 1
III. The economic loss rule does not bar Ms. Greben's tort or statutory claims. ............ 2
IV. Ms. Greben's fraud-based claims satisfy Rule 9(b). ........................................ 5
  A. Ms. Greben adequately pleads reliance. ........................................ 6
  B. Ms. Greben has adequately alleged that Defendants' representations are false. ........................................ 8
V. Ms. Greben states a claim for breach of contract and breach of express warranty. ........................................ 11
VI. Ms. Greben states a claim for quasi-contract, and can plead in the alternative........ 13
VII. Ms. Greben's claims satisfy Rule 8. ........................................ 14
VIII. Conclusion. ........................................ 17

# Table of Authorities

## Cases

*Arabian v. Organic Candy Factory*,
2018 U.S. Dist. LEXIS 45833 (C.D. Cal. Mar. 19, 2018) ... 4

*Arthur v. United states by and Through Veterans Admin.*,
45 F.3d 292 (9th Cir. 1995) ... 14

*Ashton v. J.M. Smucker Co.*,
2020 U.S. Dist. LEXIS 250428 (C.D. Cal. Dec. 16, 2020) ... 5

*Barr v. Selectblinds LLC*,
2024 U.S. Dist. LEXIS 39068 (C.D. Cal. Mar. 4, 2024) ... 15

*Belle v. Chrysler Grp., LLC*,
2013 U.S. Dist. LEXIS 59221 (C.D. Cal. Jan. 29, 2013) ... 3

*Bret Harte Union High Sch. Dist. v. Fieldturf, USA, Inc.*,
2016 U.S. Dist. LEXIS 83295 (E.D. Cal. June 27, 2016) ... 5

*Broomfield v. Craft Brew All., Inc.*,
2017 U.S. Dist. LEXIS 142572 (N.D. Cal. Sept. 1, 2017) ... 5

*Byars v. Hot Topic, Inc.*,
656 F. Supp. 3d (C. D. Cal. 2023) ... 16

*Calcano v. Swarovski N. Am. Ltd.*,
36 F.4th 68 (2d Cir. 2022) ... 16

*Crowder v. Shade Store, LLC*,
2024 U.S. Dist. LEXIS 114470 (N.D. Cal. June 26, 2024) ... 7, 8, 10, 15

*Digiacinto v. RB Health (US) LLC*,
668 F. Supp. 3d 950 (N. D. Cal. 2023) ... 4

*Erlich v. Menezes*,
21 Cal. 4th 543 (Cal. 1999) ... 4

*Evans v. DSW, Inc.*,
2017 U.S. Dist. LEXIS 220513 (C.D. Cal. Feb. 2, 2017) ... 7

*Fitzgerald v. Shade Store, LLC*, 2024 U.S. Dist. LEXIS 131839 (W.D. Wash. July 25, 2024) .................................. 7, 14, 15

*Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107 (N.D. Cal. 2020) ................................................................ 12

*Garcia v. GM LLC*, 2019 U.S. Dist. LEXIS 8678 (C.D. Cal. Jan. 17, 2019) ................................................ 3

*Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 F. App'x 700 (9th Cir. May 11, 2011) ........................................................ 5

*Harris v. Atlantic Richfield Co.*, 14 Cal. App. 4th 70 (Cal. Ct. App. 1993) ........................................................ 4

*In the Black Res., LLC v. Blitz Design Inc.*, 2022 U.S. Dist. LEXIS 209147 (N.D. Cal. Nov. 17, 2022) .................................... 14

*Inter-Mark USA, Inc. v. Intuit, Inc.*, 2008 U.S. Dist. LEXIS 18834 (N.D. Cal. Feb. 27, 2008) ........................................ 3

*Iwatani Corp. of Cam. v. Asa*, 2024 U.S. Dist. LEXIS 156967 (C.D. Cal. July 10, 2024) ...................................... 13

*Johnson v. Ocaris Management Group Inc.*, 2019 U.S. Dist. LEXIS 246614 (S.D. Fla. May 30, 2019) ...................................... 16

*Kacsuta v. Lenovo (U.S.) Inc.*, 2013 U.S. Dist. LEXIS 198547 (C.D. Cal. July 16, 2013) ........................................ 3

*Kalitta Air, L.L.C. v. Central Texas Airborne Sys., Inc.*, 315 F. App'x 603 (9th Cir. Oct. 8, 2008) ........................................................ 5

*Knapp v. Art.com, Inc.*, 2016 U.S. Dist. LEXIS 78128 (N.D. Cal. June 15, 2016) ........................................ 9

*Lemus v. Rite Aid Corp.*, 613 F. Supp. 3d 1269 (C.D. Cal. 2022) ................................................................ 4

*Liu v. Home Depot USA, Inc.*, 2024 U.S. Dist. LEXIS 179755 (W.D. Wash. Oct. 2, 2024) .................................... 15

*Martin v. Sephora USA, Inc.*,
2023 U.S. Dist. LEXIS 55930 (E.D. Cal. March 30, 2023) ........ 17
*MetroPCS v. SD Phone Trader*,
187 F. Supp. 3d 1147 (S.D. Cal. 2016) ........ 5
*Moody v. Hot Topic, Inc.*,
2023 U.S. Dist. LEXIS 205910 (C.D. Cal. Nov. 15, 2023) ........ 6, 7, 8, 10
*Munning v. Gap, Inc.*,
2016 U.S. Dist. LEXIS 149886 (N.D. Cal. Oct. 28, 2016) ........ 9, 12, 13
*Nabiyev v. Closet World, Inc.*,
2023 U.S. Dist. LEXIS 205544 (C.D. Cal. Nov. 15, 2023) ........ 7, 15, 16
*Phillips v. Brooklyn Bedding LLC*,
2024 U.S. Dist. LEXIS 72676 (N.D. Cal. Mar. 28. 2024) ........ 4, 5, 9, 10, 12, 13, 15
*Plaksin v. Newsight Reality*,
2019 U.S. Dist. LEXIS 168063 (C.D. Cal. Apr. 30, 2019) ........ 14
*Rabin v. Google LLC*,
2023 U.S. Dist. LEXIS 104694 (N.D. Cal. June 15, 2023) ........ 13
*Robinson Helicopter Co., Inc. v. Dana Corp.*,
34 Cal. 4th 979 (Cal. 2004) ........ 4, 5
*Rubenstein v. Neiman Marcus Grp. LLC*,
687 F. App'x 564 (9th Cir. Apr. 18, 2017) ........ 8
*Seegert v. Luxottica Retail North America, Inc.*,
2018 U.S. Dist. LEXIS 121071 (S.D. Cal. July 19, 2018) ........ 10
*Vizcarra v. Michaels Stores, Inc.*,
710 F. Supp. 3d 718 (N.D. Cal. 2024) ........ 3, 7, 10, 12, 15, 16
*White v. FCA US LLC*,
2022 U.S. Dist. LEXIS 146604 (N.D. Cal. Aug. 16, 2022) ........ 3
*Woodard v. Labrada*,
2021 U.S. Dist. LEXIS 189649 (C.D. Cal. Aug. 31, 2021) ........ 4

**Statutes**

Cal. Bus. & Prof. Code § 17501 .......... 14
Cal. Civ. Code § 1770(13) .......... 14
Cal. Com. Code § 2313 .......... 13

## I. Introduction.

Defendants deceive consumers by prominently advertising supposedly time-limited discounts on their website, www.frontgate.com. These fake discounts harm consumers by inducing them to make purchases they otherwise would not have made and pay more than they otherwise would have paid.

Ms. Greben brought this case to put an end to Defendants' deceptive price advertising, and to seek compensation for consumers who, like Ms. Greben, were deceived. Ms. Greben asserts claims under California's consumer protection statutes and common law claims on behalf of a nationwide class and a California subclass. Defendants move to dismiss all of Ms. Greben's claims, but for the reasons discussed below, each of their arguments fail. Defendants' Motion should be denied.

## II. Defendants' deceptive pricing scheme.

Defendants sell and market furniture and home décor products online through the Frontgate brand and website, www.frontgate.com. Compl. ¶ 8. On their website, Defendants advertise their products and their prices, and prominently advertise limited-time sitewide sales. *Id.* ¶ 9 ("One Day Only 25% Off Sitewide"; "Limited Time Sitewide Savings up to 50% Off"; "Limited Time Offer"). These advertisements are shown on the website's homepage, on product webpages, and during checkout. *Id.* ¶ 23. On product pages and through checkout, Defendants will include a purported "regular" price for the product, represented in strikethrough font with the purported discount price shown in bold, regular font. *Id.* (exemplar images shown).

Defendants' ads convey that (1) Defendants are running a sale; (2) the sale is only being offered for a limited time; (3) by purchasing a product during a sale, consumers are receiving "X% off"; (4) absent the sale, consumers would have to pay the "regular" price of the product, represented in strikethrough font; and (5) consumers are instead paying a discounted price that is less than the regular strikethrough price. *Id.*; *id.* ¶¶ 25-27. Consumers reasonably believe these ads. They think that the strikethrough prices are the prices that consumers usually and regularly have to pay to buy Defendants' products. And

they think that they will have to pay the strikethrough price if they miss the "limited time" sale window. *Id.* ¶ 26.

Ms. Greben purchased a chandelier from Defendants' website. *Id.* ¶¶ 40-42, 45-47. Like always, when Ms. Greben purchased the chandelier, Defendants advertised that a purported sale was going on, that the chandelier was heavily discounted, and that the sale would be ending soon. *Id.* ¶¶ 44-47, 40 (advertising "Black Friday Preview" sitewide sale on the day Ms. Greben made her purchase). Relying on this advertising, Ms. Greben, like other consumers, purchased quickly while the purported sale was still available, believing that this would get her a special deal on a product worth more than the price she was paying. *Id.* ¶ 47 (Ms. Greben's purchase); *id.* ¶¶ 36-38 (summarizing some research showing how discounts drive sales).

The truth is, Defendants always offer "discounts." *Id.* ¶ 24. So the "regular prices Defendants advertise are not actually Defendants' regular or former prices, or . . . the prevailing prices for the Products Defendants sell." *Id.* ¶ 27. Nor do those purported regular prices "represent the true market value for the Products, because Defendants' Products are consistently available for less than that on Defendants' website, and customers did not have to formerly pay that amount to get those items." *Id.* Defendants' "discounts" do not truly end, because once one discount ends, Defendants begin another sale with the same or similar terms. *Id.* ¶ 24.

This fake discount scheme violates California's consumer protection statutes, breaches contracts and warranties, misrepresents material facts and induces consumers to enter transactions they never otherwise would have, and unjustly enriches Defendants at their customers' expense. *See* Compl. ¶¶ 28-33, 50-54.

## III. The economic loss rule does not bar Ms. Greben's tort or statutory claims.

Defendants argue that the economic loss rule bars Ms. Greben's intentional misrepresentation claims, negligent misrepresentation claims, and claims under California's consumer protection statutes.

To start, the economic loss rule does not apply to Plaintiff's statutory claims. Defendants cite no cases applying the economic loss rule to UCL, FAL, or CLRA claims, and nearly every court to consider the issue has refused to apply the economic loss rule to such claims. *See Inter-Mark USA, Inc. v. Intuit, Inc.*, 2008 U.S. Dist. LEXIS 18834, at *31-32 (N.D. Cal. Feb. 27, 2008) ("The Court does not find any case law that suggests that the California Supreme Court would extend the economic loss rule to [UCL] or [FAL] claims."); *Belle v. Chrysler Grp., LLC*, 2013 U.S. Dist. LEXIS 59221, at *11-12 (C.D. Cal. Jan. 29, 2013) (The economic loss rule "does not extinguish Plaintiffs' statutory claims" under the CLRA and UCL); *Kacsuta v. Lenovo (U.S.) Inc.*, 2013 U.S. Dist. LEXIS 198547, at *14-16 (C.D. Cal. July 16, 2013) (collecting cases). This is because these are statutory claims that cannot be extinguished by the judge-made economic loss rule and because these claims under California's consumer protection statutes asre not considered torts under California law. *Belle*, 2013 U.S. Dist. LEXIS 59221, at *11-12. So, the economic loss doctrine categorically does not apply to Ms. Greben's statutory claims. In addition, as explained next, the California Supreme Court has held that the economic loss rule does not apply to intentional misrepresentations. And here, each of Plaintiff's statutory claims are premised on intentional misrepresentations. So the economic loss rule does not apply to the statutory claims for this additional reason. *See, e.g.*, *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718 (N.D. Cal. 2024) (allowing plaintiff, in a similar fake discounting case, to proceed with consumer protection statute claims and contract claims despite economic loss rule).

The economic loss rule does not bar intentional misrepresentation claims, either. "[C]laims for fraudulent inducement fall under their own 'well-recognized exception to the economic loss rule.'" *White v. FCA US LLC*, 2022 U.S. Dist. LEXIS 146604, at *13 (N.D. Cal. Aug. 16, 2022); *see Garcia v. GM LLC*, 2019 U.S. Dist. LEXIS 8678, at *14 (C.D. Cal. Jan. 17, 2019) ("[F]raudulently inducing someone to enter into a contract is a tortious injury apart from any injury that may later arise under the contract itself."); "[W]hen one party commits a fraud during the contract formation or performance, the

injured party may recover in contract and tort." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (Cal. 2004) (quoting *Harris v. Atlantic Richfield Co.*, 14 Cal. App. 4th 70, 78 (Cal. Ct. App. 1993); *Woodard v. Labrada*, 2021 U.S. Dist. LEXIS 189649, at *63-64 (C.D. Cal. Aug. 31, 2021) ("California law is clear . . . that 'when one party commits a fraud during the contract formation or performance, the injured party may recover in contract and tort.'"); *Erlich v. Menezes*, 21 Cal. 4th 543, 551-52 (Cal. 1999) ("Tort damages have been permitted in contract cases where . . . the contract was fraudulently induced."). And here, Ms. Greben alleges that Defendants made intentional misrepresentations that fraudulently induced her to purchase a product she otherwise would not have purchased. Compl. ¶¶ 45-48, *id.* ¶ 47 ("She would not have made the purchase if she had known that the Product was not discounted as advertised, and that she was not receiving the advertised discount."). So, she suffered a tortious injury (buying the chandelier in the first place, or paying more for it than she otherwise would have been willing to) that is separate from any injury that arose from Defendants' non-performance. *See Lemus v. Rite Aid Corp.*, 613 F. Supp. 3d 1269, 1282-83 (C.D. Cal. 2022) ("Because Plaintiff pled here that he would not have bought the Medication but for the alleged misrepresentations, his claims also include an element of fraudulent inducement into a contract such that they are appropriate under tort law."); *Arabian v. Organic Candy Factory*, 2018 U.S. Dist. LEXIS 45833, at *20-21 (C.D. Cal. Mar. 19, 2018) (collecting cases); *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 730-31 (N.D. Cal. 2024) (denying motion to dismiss intentional misrepresentation claims under the economic loss rule in similar fake discounting case).

Finally, the economic loss rule does not bar Ms. Greben's negligent misrepresentation claim either. Although "[d]istrict courts in the Ninth Circuit are split on the issue of whether the economic loss rule bars negligent misrepresentation claims," *Digiacinto v. RB Health (US) LLC*, 668 F. Supp. 3d 950, 967 (N. D. Cal. 2023), the "majority view" is that it does not, *see Phillips v. Brooklyn Bedding LLC*, 2024 U.S. Dist. LEXIS 72676, at *21 (N.D. Cal. Mar. 28. 2024) (denying motion to dismiss negligent misrepresentation claim in a similar fake discounting case). Since *Robinson Helicopter*

articulated the exception for affirmative misrepresentations and fraudulent inducement, "two unpublished Ninth Circuit decisions have suggested negligent misrepresentation claims are not barred by the economic loss rule" either. *Bret Harte Union High Sch. Dist. v. Fieldturf, USA, Inc.*, 2016 U.S. Dist. LEXIS 83295, at *14 (E.D. Cal. June 27, 2016) (citing *Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 F. App'x 700, 701 (9th Cir. May 11, 2011) and *Kalitta Air, L.L.C. v. Central Texas Airborne Sys., Inc.*, 315 F. App'x 603, 607 (9th Cir. Oct. 8, 2008)); *see Broomfield v. Craft Brew All., Inc.*, 2017 U.S. Dist. LEXIS 142572, at *31 (N.D. Cal. Sept. 1, 2017) ("Ninth Circuit precedent supports" the idea that "negligent misrepresentation [is] a species of fraud for which economic loss is recoverable."). As a result, most district courts that have faced the question have held that "the economic loss rule 'does not apply to [] negligent misrepresentation claim[s].'" *Ashton v. J.M. Smucker Co.*, 2020 U.S. Dist. LEXIS 250428, at *37-38 (C.D. Cal. Dec. 16, 2020) (collecting cases); *Phillips*, 2024 U.S. Dist. LEXIS 72676, at *21 (joining the "majority view" and collecting cases).

Defendants cite a handful of cases applying a narrow reading of the fraudulent inducement exception discussed in *Robinson Helicopter*. Mot. at 5-6. As discussed above, the prevailing and majority view in the Ninth Circuit is that the economic loss doctrine does not even bar negligent misrepresentation claims, let alone intentional fraud claims. Because Ms. Greben alleges that Defendants' misrepresentations induced her to enter the contract in the first place, her misrepresentation and statutory claims are distinct from her breach of contract claims, and the economic loss rule does not apply.

**IV. Ms. Greben's fraud-based claims satisfy Rule 9(b).**

Defendants argue that Ms. Greben's fraud-based claims do not satisfy Rule 9(b)'s pleading standard. "A pleading satisfies Rule 9(b) if it identifies 'the who, what, when, where, and how' of the misconduct charged." *MetroPCS v. SD Phone Trader*, 187 F. Supp. 3d 1147, 1150 (S.D. Cal. 2016). The particularity requirement only requires the allegations "be specific enough to give defendants notice of the particular misconduct so they can defend against the charge and not just deny that they have done anything wrong." Mot. at

7 (citing *Moody v. Hot Topic, Inc.*). Defendants do not claim that Ms. Greben has failed to allege the "who, what, when, where, and how" required under Rule 9(b) or that Ms. Greben's allegations failed to "give defendants notice of the particular misconduct." Instead, they argue that she has failed to adequately allege which of Defendants' misrepresentations she relied on in making her purchase. They also argue that Ms. Greben failed to sufficiently allege that Defendants' price representations are false. Both these arguments fail.

**A. Ms. Greben adequately pleads reliance.**

Defendants argue that Ms. Greben "did 'not specify which . . . misleading statements [she was] exposed to or found material during [her] purchase[].'" Mot. at 8. This is wrong. Plaintiff alleges:

- "The website homepage routinely advertises the sales with a banner near the top of the page. On the day of Plaintiff's purchase, Defendants' website advertised an 'Up to 50% Off Sitewide' sale . . . . Plaintiff saw and relied on this banner when she made her purchase on Defendants' website." Compl. ¶ 44.
- "Before making her purchase, Ms. Greben viewed the [chandelier] product page on www.frontgate.com and saw that Defendants represented that the item was on sale compared to its regular price. The product page displayed a purported regular price in strikethrough font next to the purported discount price of $419.98. The product page represented that the price was a 'Limited Time Offer.' . . . Plaintiff saw and relied on these representations when she made her purchase." *Id.* ¶ 45.
- "And Defendants' Shopping Cart and Checkout pages make the same misrepresentations. These pages showed the purported regular price in strikethrough font, the purported discount price, an estimated total (before shipping and tax), the total, and the amount the customer purportedly saved

> because of the purported sale. Ms. Greben saw and relied on these misrepresentations when she made her purchase." *Id.* ¶ 46.

So, in sum, she saw and relied on Defendants' misrepresentations about the chandelier's regular price, its discount price, the limited-time nature of the purported discount, and the purported discount (in dollar and percent terms) she was receiving. And she alleges that "[s]he would not have made the purchase if she had known that the Product was not discounted as advertised, and that she was not receiving the advertised discount." *Id.* ¶ 47. At this stage, that is all that is required. *See, e.g.*, *Evans v. DSW, Inc.*, 2017 U.S. Dist. LEXIS 220513, at *19 (C.D. Cal. Feb. 2, 2017) ("Plaintiff has adequately alleged that she personally relied on DSW's 'Compare At' prices, which is all that is required at the pleading stage."); *Crowder v. Shade Store, LLC*, 2024 U.S. Dist. LEXIS 114470, at *18-20 (N.D. Cal. June 26, 2024) (denying motion to dismiss fraud-based claims under Rule 9(b) in fake discounting case with similar allegations); *Fitzgerald v. Shade Store, LLC*, 2024 U.S. Dist. LEXIS 131839, at *7 (W.D. Wash. July 25, 2024) (same) ("The Amended Complaint identifies with particularity the advertisements Plaintiff claims are deceptive, with screenshots. It explains in detail why and how the advertisements are false. Defendant should have no trouble responding to these allegations."); *Nabiyev v. Closet World, Inc.*, 2023 U.S. Dist. LEXIS 205544, at *7-8 (C.D. Cal. Nov. 15, 2023) (same); *Vizcarra*, 710 F. Supp. 3d at 730 (same).

Defendants rely extensively on *Moody v. Hot Topic, Inc.*, 2023 U.S. Dist. LEXIS 205910 (C.D. Cal. Nov. 15, 2023), another, similar fake discounting case. But in *Moody*, the complaint did not satisfy Rule 9(b) because it "d[id] not connect" the advertisements identified throughout the complaint "to Plaintiffs' purchasing experience: it [did] not state whether Plaintiffs saw those discount promotions during their purchases, when Plaintiffs viewed those promotions, and which of those various promotions . . . Plaintiffs found material and relied upon." *Id.* at *18-19. Here, by contrast, Ms. Greben specifically alleges that "when she viewed the website on November 20, 2023 to make her purchase" she "saw and relied on the banner on Defendants' homepage" advertising the discount,

Compl. ¶ 44; "saw and relied on" Defendants' "Limited Time Offer" and strikethrough price representations, *id.* ¶ 45; and "saw and relied on" the "purported discount price" and "the amount [she] purportedly saved because of the purported sale," *id.* ¶ 46. So, in short, Plaintiff here alleges precisely what the *Moody* court found to be missing.[1]

Defendants also complain that Ms. Greben "does not allege the amount of the discount applied to the Chandelier." Mot. at 9. But Defendant does not say (or provide any authority explaining) why the precise numerical amount of the discount Ms. Greben received is needed at this stage. What's relevant is whether a discount in some amount applied; and Ms. Greben adequately alleges this here. Plus, "Rule 9(b) 'only requires that plaintiffs specifically plead those facts surrounding alleged acts of fraud to which they can reasonably be expected to have access.'" *Crowder*, 2024 U.S. Dist. LEXIS 114470, at *6 (quoting *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567-68 (9th Cir. Apr. 18, 2017)). And here, although Defendants' transaction records surely include that information, Defendants order confirmation sent to customers after a purchase does not include the product's strikethrough price or purported discount amount. So Ms. Greben's allegations that Defendants advertised that the chandelier "had a regular price significantly higher than the" $419.98 "discounted price," Compl. ¶ 42, and that "Plaintiff was receiving a steep discount" is sufficient at this stage given the information in Ms. Greben's possession.[2]

### B. Ms. Greben has adequately alleged that Defendants' representations are false.

Defendants next argue that Ms. Greben fails to adequately allege that Defendants' representations are false. Not so.

---

[1] Notably, the *Moody* court dismissed the case without prejudice; the Court should do the same here if it finds that additional allegations are needed to satisfy Rule 9(b).

[2] Ms. Greben brought this case a year after she purchased the chandelier from Defendants, after she learned about Defendants' fake discounting. So although she remembers the supposed discount on the chandelier was significant and material to her purchase, Compl. ¶¶ 42, 47, she does recall the precise amount of the discount.

Ms. Greben alleges that Defendants advertise that their discounts are available for a limited time. Compl. ¶¶ 9-10, 23 (examples). But Defendants' discounts are consistently available. As soon as one discount "ends," another discount with the same or similar terms begins. *Id.* ¶¶ 24, 27. So Ms. Greben adequately alleges that Defendants' "limited time" representations are false.

Ms. Greben alleges that Defendants advertise purported discount prices and "% off" for their products. *Id.* ¶¶ 9, 23. But because Defendants' purported "discounts" are consistently available, the purported discounts "are not the true discount[s] the customer is receiving, and are often not [] discount[s] at all." *Id.* ¶¶ 24, 27. Instead, the discount price is just the regular price for the product, the one the product is usually available for. So Ms. Greben adequately alleges that Defendants' purported discount representations are false.

Ms. Greben alleges that Defendants advertise purported regular prices for their products in grey or strikethrough font. *Id.* ¶¶ 9, 23 (examples), 26, 42, 45. But, again, because Defendants are consistently running discounts, the advertised regular price is not the true regular price, true prevailing market price, or true former price of the products. *Id.* ¶¶ 24, 27, 48. So Ms. Greben has adequately alleged that the purported regular prices are not the true regular prices for their products. *See, e.g.*, *Knapp v. Art.com, Inc.*, 2016 U.S. Dist. LEXIS 78128, at *15 (N.D. Cal. June 15, 2016) (allegation that defendant "consistently [sold] its products at prices (i.e., 30 to 50 percent) lower than its advertised former prices" was sufficient); *Phillips*, 2024 U.S. Dist. LEXIS 72676, at *9-10 (collecting cases) (finding that materially similar allegations adequately alleged that the defendant's advertising was likely to deceive a reasonable consumer); *Munning v. Gap, Inc.*, 2016 U.S. Dist. LEXIS 149886, at *15 (N.D. Cal. Oct. 28, 2016) (By alleging "that products on Defendants' websites listed crossed-out prices followed by a percentage discount and a new price" when in actuality those prices were always on sale, "Plaintiff has provided enough facts such that it is plausible a reasonable consumer could view the prices as being deceptive.").

*Moody*, which Defendants rely on extensively throughout their Motion, found that similar allegations were sufficient. The court rejected the defendant's argument that "Plaintiffs have not plausibly alleged that Defendant 'always' discounts its products" because the court found that, at the pleading stage, counsel's investigation of 43 snapshots of the defendant's website showing a sitewide discount "plausibly suggest[s]" that the plaintiffs' "items were never offered at the 'original' or 'regular' price during the relevant period." 2023 U.S. Dist. LEXIS 205910, at *21-22. Ms. Greben alleges a similar investigation, specific to Defendants', here. Compl. ¶ 24. To the extent that Defendants argue that Ms. Greben was required to allege the pricing history for every product Defendants sell at a fake discount, that proposition has been repeatedly rejected in cases like this one alleging *sitewide* discounts. *Moody*, 2023 U.S. Dist. LEXIS 205910, at *21-22; *Real v. Y.M.I. Jeanswear, Inc.*, 2017 U.S. Dist. LEXIS 237643 (C. D. Cal. Sept. 1, 2017), at *13 (ruling that "allegations of 'perpetual sales' and that the items were 'never' sold at the former prices" sufficed when "Plaintiffs allege that Defendants' entire pricing scheme, not just the prices at the time of her purchase, is deceptive"); *Vizcarra*, 710 F. Supp. 3d at 730 ("Even under Rule 9(b), there is no reason to require [plaintiff] to individually investigate and track the prices of every Michaels product (or at least the ones she purchased) when the investigation she has already conducted suggests that 'site-wide discounts of at least 20% were always available' during a two-year timeframe."); *Phillips*, 2024 U.S. Dist. LEXIS 72676, at *13 ("[B]ecause [plaintiff] alleges that [defendant's] advertised sales are sitewide . . ., it can be plausibly inferred that [plaintiff's] purchase was subject to the perpetual discount scheme."); *Crowder*, 2024 U.S. Dist. LEXIS 114470, at *14-15 (distinguishing allegations similar to Ms. Greben's from those in *Seegert v. Luxottica Retail North America, Inc.*, 2018 U.S. Dist. LEXIS 121071 (S.D. Cal. July 19, 2018), cited by Defendants, and finding the allegations sufficient to state a claim). In other words, because Ms. Greben provided evidence that Defendants regularly advertise all items on their website for sale, she satisfies her pleading burden.

Defendants also dispute that their sales are permanent because "all the Frontgate sales challenged in the Complaint as not 'time-limited' . . . changed within days." Mot. at 5. As proof, Defendants argue that one day they offered an "Up to 50% Off Sitewide" sale and a few days letter the sale changed to an "Up to 40% Off Sitewide" sale and a few days later changed to a "20%-60% Off Sitewide + Free Shipping" sale. *Id.* First, whether the discounts were permanent is a factual dispute that cannot be resolved in Defendants' favor on a motion to dismiss. But second, Defendants' argument proves the point. Defendants' own cherrypicked example shows that despite advertising a sale as "Two Days Only," Mot. at 5, the sale was preceded by an essentially identical "Up to 50% Off Sitewide" sale and followed by an essentially identical "20%-60% Off Sitewide" sale. Reasonable consumers believe that a "Two Days Only" sale only lasts two days and then the Defendants' prices go back to the strikethrough price. But what happens here is that before and after the "Two Days Only" sale, Defendants ran substantially similar sales with a different name such that consumers could have received the same product at essentially the same price whether they purchased during the" Two Day[]" sale or not.

## V. Ms. Greben states a claim for breach of contract and breach of express warranty.

Ms. Greben alleges that Defendants made contractual promises "to provide Products having a particular listed regular price and market value, and to provide those Products at the discounted price advertised on the website." Compl. ¶ 50. She alleges that "[t]he regular price and market value of the items Ms. Greben and putative class members would receive, and the amount of the discount they would be provided off the regular price of those items, were specific and material terms of the contract." *Id.* ¶ 52. She alleges that she accepted Defendants' offer by making a purchase during the purported sale, forming a contract. *Id.* ¶ 53. And she alleges that Defendants breached those terms "by failing to provide Ms. Greben and other members of the putative class with Products that have a regular price and market value equal to the regular price displayed, and by failing to provide the discount they promised." *Id.* ¶ 54. These allegations state a claim for breach of

contract. *See, e.g.*, *Munning*, 2016 U.S. Dist. LEXIS 149886 at *21-23 (allowing breach of contract claims to proceed on materially identical allegations); *Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) (same); *Phillips*, 2024 U.S. Dist. LEXIS 72676, at *17 (same); *Vizcarra*, 710 F. Supp. 3d at 731 (same).

Defendants argue that Ms. Greben's contract and warranty claims are subject to the Rule 9(b) standard and fail for the same reason her fraud claims fail. But as discussed above, Ms. Greben has adequately alleged her fraud and statutory claims under Rule 9(b). *Supra* Section IV(A). Defendants cannot credibly argue that they cannot defend themselves from Ms. Greben's claims as alleged.

Defendants also argue that Ms. Greben did not allege a breach of contract claim because "[t]he Complaint alleges simply that Plaintiff purchased and received the Chandelier for a price less than the regular listed price on Defendants' website, exactly as Defendant[s] 'offer[ed]' and Plaintiff 'accepted.'" Mot. at 12-13. To the extent Defendants argue that they did not breach the contract because their discounts are not fake, and that Ms. Greben received a true discount off the regular price of the chandelier, that is a factual dispute that cannot be resolved in Defendants' favor here, where Ms. Greben expressly alleges otherwise. Compl. ¶ 54; *Phillips*, 2024 U.S. Dist. LEXIS 72676, at *18-19 (materially similar fake discounting case) (rejecting argument that "there was no breach of contract and express warranty" when defendant argued that it" provided the advertised mattress at the advertised price" because that is a question of fact.). Moreover, Defendants attack a straw claim. Ms. Greben does not allege that Defendants breached the contract by failing to deliver the goods she purchased, at the price she agreed to pay. She is claiming that Defendants breached their contracts by failing to deliver the discount she was promised, and failing to deliver goods with the promised value. That is sufficient. *See Munning*, 2016 U.S. Dist. LEXIS 149886, at *21-23; *Freeman*, 443 F. Supp. 3d at 1113-14.

Defendants levy the same arguments against Ms. Greben's breach of express warranty claim, Mot. at 13, and they fail for the same reasons. *See* above; *see Munning*, 2016

U.S. Dist. LEXIS 149886, at *25-26 (breach of warranty claims could proceed where seller warranted that "products were being sold at a discounted price," when in fact they were not); Compl. ¶¶ 52, 54. They also argue that there is no express warranty because any warranty "concerns the value of the Chandelier and is thus not a warranty under the law." But under California law, an express warranty is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods . . . ." Cal. Com. Code § 2313. Here, Defendants representation of "[t]he regular price and market value of the items Ms. Greben and putative class members would receive, and the amount of the discount they would be provided" were "affirmations of fact" about those products. Compl. ¶ 52. Contrary to Defendants' argument, their representations do constitute warranties under California law. *See Munning*, 2016 U.S. Dist. LEXIS 149886, at *25-26; *Phillips*, 2024 U.S. Dist. LEXIS 72676, at *18-19.

**VI. Ms. Greben states a claim for quasi-contract, and can plead in the alternative.**

Defendants argue that Ms. Greben's quasi-contract claim fails because she cannot simultaneously plead quasi-contract and breach of contract claims and because she fails to allege fraud. Mot. at 15. Both arguments fail.

Defendants' "failure to allege fraud" argument fails for the same reasons as above. Ms. Greben alleges that Defendants make intentional misrepresentations about their pricing practices to deceive consumers. So she adequately alleges fraud. *Iwatani Corp. of Cam. v. Asa*, 2024 U.S. Dist. LEXIS 156967, at *56 (C.D. Cal. July 10, 2024) (declining to dismiss quasi-contract claim because where "fraud claims survive" dismissal, there "remain grounds for the contracts to be unenforceable or void").

Defendants' "pleading in the alternative" argument also fails. Courts in this circuit overwhelmingly hold that a plaintiff "may assert an unjust enrichment claim in the alternative to [a] breach of contract claim." *Rabin v. Google LLC*, 2023 U.S. Dist. LEXIS 104694, at *35-36 (N.D. Cal. June 15, 2023). This is allowed when the plaintiff alleges facts showing that the contract may be void or voidable. *In the Black Res., LLC v. Blitz*

*Design Inc.*, 2022 U.S. Dist. LEXIS 209147, at *14 (N.D. Cal. Nov. 17, 2022). Here, Ms. Greben is not trying to double recover; she expressly alleges the quasi-contract claim in the alternative. Compl. ¶¶ 129, 132. And she alleges (in the alternative) that the contract was fraudulently induced, which makes it voidable. *Id.* ¶ 132; s*ee Plaksin v. Newsight Reality*, 2019 U.S. Dist. LEXIS 168063, at *8 (C.D. Cal. Apr. 30, 2019) ("A contract is voidable for fraudulent inducement 'when the promisor knows what he is signing but his consent is induced by fraud.'"). This is sufficient to adequately allege a quasi-contract claim. *E.g.*, *Fitzgerald*, 2024 U.S. Dist. LEXIS 131839, at *10 (similar fake discounting case) ("Although this [quasi-contract] claim cannot proceed to trial at the same time as a contract claim, Plaintiff alleges it in the alternative, as she is permitted to do. *See Arthur v. United states by and Through Veterans Admin.*, 45 F.3d 292, 296 (9th Cir. 1995). She adequately alleges facts that could render the alleged contract void or voidable.").

## VII. Ms. Greben's claims satisfy Rule 8.

Defendants accuse Ms. Greben's counsel of "target[ing]" online retailers by filing a series of lawsuits against companies who, like Defendants here, advertise fake, supposedly limited-time discounts that in truth never end. Mot. 1. Defendants assert that Ms. Greben's counsel's complaints in those lawsuits, including this one, are "cookie-cutter," "generic," "boilerplate," "copy and paste[d]…word for word." Mot. 1, 17-18. Defendants claim that, as a result, the allegations in the Complaint "cannot satisfy Rule 8's specificity requirement because they are, by definition, not specific to Frontgate." Mot. 18. This argument lacks merit.

While it is true that Ms. Greben's counsel has filed a number of cases against retailers who engage in deceptive price advertising,[3] the complaints in these cases are not "cookie-cutter," "generic," "boilerplate," or "copy and paste[d]…word for word." Rather,

---

[3] This deceptive practice is effective and, therefore, extremely common. This is why the California legislature passed several laws specifically prohibiting it; and empowered California consumers (represented by class action lawyers such as Plaintiff's counsel) to enforce those laws. *See, e.g.*, Cal. Civ. Code § 1770(13); Cal. Bus. & Prof. Code § 17501.

each sets forth—at a level of detail that far exceeds what is required at the pleading stage—the particular basis for the specific suit in question. The Complaint includes a detailed description of the defendant's fake discounting practices (*see, e.g.*, Compl. ¶¶ 21-27); a summary of a (detailed and often time-consuming) pre-filing investigation (*see, e.g.*, Compl. ¶ 24); and a detailed description of the plaintiff's purchase (*see, e.g.*, Compl. ¶¶ 40-48).

Precisely because these complaints are *not* cookie-cutter, generic, or boilerplate, courts have repeatedly rejected pleading-stage challenges in Ms. Greben's counsel's other cases involving fake discounts. *See, e.g., Vizcarra,* 710 F. Supp. 3d 718; *Phillips,* 2024 U.S. Dist. LEXIS 72676; *Crowder*, 2024 U.S. Dist. LEXIS 114470; *Fitzgerald,* 2024 U.S. Dist. LEXIS 131839; *Nabiyev*, 2023 U.S. Dist. LEXIS 205544. And, these complaints have resulted in a number of classwide settlements valued at over $10 million, confirming the substantive merit of the claims at issue. *See, e.g.*, *Barr v. Selectblinds LLC*, 2024 U.S. Dist. LEXIS 39068 (C.D. Cal. Mar. 4, 2024) (granting final approval of class action settlement valued at $10 million); *Liu v. Home Depot USA, Inc.*, 2024 U.S. Dist. LEXIS 179755 (W.D. Wash. Oct. 2, 2024) (granting final approval of class action settlement valued at over $11 million); *Zuccaro v. Hot Topic*, Case No. 3:23-cv-01242-MO (D. Ore.), Dkt. No. 32 (granting final approval of class action settlement valued at over $16 million); *DePauw v. Whitestone Home Furnishings, LLC*, Case No. 24-cv-25629 (Ore. Circuit Court) (granting final approval of class action settlement valued at over $14 million). In short, Ms. Greben's counsel's extensive work policing fake discounts by online retailers in no way resembles the "Mad-Libs-style complaints" criticized in the cases cited by Defendant. *Cf.* Mot. 17-18 (collecting cases). And anyway, the allegations in the Complaint here must be assessed on their own merits; and as described above, they are specific and detailed enough to satisfy not only Rule 8 but also Rule 9(b)'s heightened standard. *See* Supra Section IV.

Defendants point out that a handful of cherry-picked allegations in the Complaint here are substantially similar to allegations found in other Complaints filed by Ms.

Greben's counsel. Mot. 18-19. To be sure, there are similarities between Defendants' conduct here and the fake discounting by other retailers in Plaintiff's counsel other cases. And, as a result, Ms. Greben asserts the same claims here as other named plaintiffs did in those other cases. This unavoidably leads to some overlapping language. For example, because many of these retailers are deceiving customers in the same way—pretending their discounts end soon, when in fact they re-set in perpetuity—the accused practices can, at a high level, be described in a similar fashion. But the complaints do not stop at providing generic descriptions that apply across the board. They then go into detail, describing the specifics of Defendants' fake discounting scheme and—though not required at this stage—evidence showing it is deceptive. *See, e.g.*, Compl. ¶¶ 21-27. This is more than enough at this stage. *See Vizcarra,* 710 F. Supp. 3d 718; *Nabiyev*, 2023 U.S. Dist. LEXIS 205544.

Defendants' cited cases are nothing like the situation here. In *Byars v. Hot Topic, Inc.*, the court noted that the plaintiff had a history of "not even bother[ing to] change the title of the pleading document" or "write the case number on the caption page." 656 F. Supp. 3d 1051, 1060; *see also Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022) (reprimanding four plaintiffs who filed 81 identical complaints, mentioning that two complaints against two different companies differed by only 26 words).[4] And the complaint "*never* mention[ed] the name of the company [p]laintiff is suing after the caption page, because doing so might take more than a few seconds to alter when filing a new lawsuit." *Byars*, 656 F. Supp. 3d at 1060. The complaints were so similar that they

[4] *Johnson v. Ocaris Management Group Inc.* also involved egregious copy-and-pasting where the only differences between 26 complaints filed by the same plaintiff was the location and name of the defendant. 2019 U.S. Dist. LEXIS 246614.

"could apply *word-for-word* to the dozens of other businesses this law firm [was] suing[.]" *Id.*[5]

In sum, Ms. Greben and her counsel have plausibly alleged that Defendants engage in a sitewide fake discounting scheme. This argument should be rejected.

## VIII. Conclusion.

For the reasons given above, Defendants' Motion to Dismiss should be denied.

Dated: February 24, 2025

Respectfully submitted,

By: */s/ Martin Brenner*

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

[5] *Martin v. Sephora USA, Inc.*, another case cited by Defendants, involved a copy-and-pasted opposition to a motion to dismiss (not a complaint), and the party's copy-and-pasted opposition spent "several pages" responding to arguments never made by the defendant in its motion to dismiss. 2023 U.S. Dist. LEXIS 55930, at *20.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Melanie Greben, certifies that this brief contains 5,792 words, which complies with the word limit of C.D. Cal. L.R. 11-6.1.

Dated: February 24, 2025 By: */s/ Martin Brenner*